JOHNSTONE, Justice
(concurring specially).
I concur. The trial court entered a judgment in favor of the Wrights on their declaratory judgment action. This judgment was, in effect, a default judgment erroneously entered against Cimarron for its failure to file a counterclaim, even though it had filed a properly supported motion for summary judgment. A default judgment would have been appropriate only if Cimarron had “failed to plead or otherwise defend as provided by these rules.” Rule 55(a), Ala. R. Civ. P. While Cimarron refused to plead with a counterclaim, it did “otherwise defend as provided by these rules” by filing the motion for summary judgment as authorized by Rule 56(b), Ala. R. Civ. P., which provides, in pertinent part: “A party against whom a ... declaratory judgment is ■ sought may, at any time, move with or without supporting affidavits for a summary judgment in the party’s favor as to all or any part thereof.” (Emphasis added.) Therefore, the trial court erred to reversal in entering a judgment against Cimarron.